IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STANLEY CURTIS SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04cv3170 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DOUGLAS COUNTY , et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following pending motions: (1) filing no. 26, the Motion to Dismiss Defendants Lee, Shelby, Ramirez, Ryan, Moore, and Douglas County, filed by Douglas County, Nebraska and employees of the County; (2) filing no. 34, the Motion to Dismiss Amended Complaint filed by defendant-Rhonda Moore; and (3) filing no. 42, the plaintiff's Motion for leave to file a Second Amended Complaint, with the Second Amended Complaint attached to the motion. As a preliminary matter, filing no. 42 is granted, and the plaintiff's Second Amended Complaint is accepted for filing instanter.

The plaintiff, Stanley Curtis Smith, a State prisoner who was a pretrial detainee at the Douglas County Correctional Center ("DCCC") when the events described in the complaint occurred, alleges deliberate indifference to his medical needs while in DCCC custody, in violation of the Eighth Amendment to the United States Constitution. The Second Amended Complaint, like the plaintiff's previous complaints, states that the plaintiff has a diagnosis of paranoid schizophrenia, but medical personnel at DCCC denied the plaintiff the prescribed medication for his psychiatric condition. The plaintiff claims more than a mere difference of opinion regarding treatment. Instead, he claims that DCCC health care personnel refused to treat him at all for his diagnosed psychosis, and that he

1

suffered terribly as a result. Before his confinement at DCCC, and later, upon his transfer to State custody, the plaintiff received treatment. However, the plaintiff contends that during his time at DCCC, the health care staff belittled his condition, refused to contact his psychiatrist for records or information, told the plaintiff that he just wanted medications to cope with incarceration, and otherwise ignored and failed to treat the plaintiff's serious medical needs.

In filing no. 26, Douglas County and employees of DCCC contend that the plaintiff has failed to state a claim on which relief may be granted for violation of the Eighth Amendment. See Fed. R. Civ. P. 12(b)(6). I disagree as to defendants-Ryan, Moore, and Douglas County. However, defendants-Lee, Shelby, and Ramirez, as corrections officials rather than health care providers, had no power to provide medical care and could do no more than convey information to the medical department. In his Second Amended Complaint at 4, the plaintiff acknowledges his awareness of those limitations. Therefore, filing no. 26 will be granted as to defendants-Lee, Shelby, and Ramirez, and those defendants will be dismissed from this litigation.

As for defendants Patricia Ryan (DCCC Contract Administrator) and Rhonda Moore (DCCC Health Services Administrator), the plaintiff has alleged direct participation by those defendants in the denial of health care at DCCC. According to the Second Amended Complaint, those defendants personally rebuffed the plaintiff's pleas for medical treatment.

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests only the legal sufficiency of the plaintiff's complaint if the factual allegations in the complaint are accepted as true. Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998). See also Browning v. Clinton, 292 F.3d 235, 241-42 (D.C. Cir. 2002):

"[W]e accept the plaintiff's factual allegations as true and construe the complaint 'liberally,' 'grant[ing] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged,' .... At the Rule 12(b)(6) stage, we do not assess 'the truth of what is asserted or determin[e] whether a plaintiff has any evidence to back up what is in the complaint.'" (Citations omitted.) Thus, a claim should be liberally construed in the light most favorable to the plaintiff and should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). In light of that strict standard, filing no. 26 is denied as to defendants-Ryan and Moore. Filing no. 34, Rhonda Moore's separate motion to dismiss, is also denied.

THEREFORE, IT IS ORDERED:

1. That filing no. 26, the Motion to Dismiss Defendants Lee, Shelby, Ramirez, Ryan, Moore, and Douglas County, is granted in part and denied in part; the motion is granted as to defendants-Lee, Shelby and Ramirez, and those defendants are dismissed from this litigation; the motion is denied as to defendants-Patricia Ryan, Rhonda Moore and Douglas County, and those defendants shall file an Answer within the time specified by Fed. R. Civ. P. 12(a)(4)(A);

2. That filing no. 34, the Motion to Dismiss Amended Complaint filed by defendant-Rhonda Moore is denied;

3. That filing no. 42, the plaintiff's Motion for leave to file a Second Amended Complaint, is granted, and the Second Amended Complaint is accepted for filing instanter;

4. That the Clerk of Court shall send the plaintiff forms to be completed for service of process on any defendants newly added by the Second Amended Complaint

3

(e.g., Dr. Gensler, Lt. Craft) and for service of process on defendant-Wexford Health Sources, Inc. of Pittsburgh, Pennsylvania, a defendant which has not yet been served with process; and

     5.    That the plaintiff shall complete the forms for service of process and return them to the Clerk of Court by May 20, 2005; upon receipt of the completed forms, the Clerk shall sign each summons, to be forwarded with a copy of the Second Amended Complaint, to the U.S. Marshal for service of process; the Marshal shall serve each summons and complaint without payment of costs or fees; and service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

     DATED this 29th day of April, 2005.

                                    BY THE COURT:

                                    /s Richard G. Kopf
                                    United States District Judge