IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STANLEY CURTIS SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04cv3170 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DOUGLAS COUNTY , et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the following pending motions: (1) filing no. 59, the Motion to Dismiss filed by Corrections Officer Craft; (2) filing no. 65, the Motion to Dismiss filed by Wexford Health Sources, Inc. ("Wexford"); (3) filing no. 69, the plaintiff's Motion for more forms for service of process; and (4) filing no. 72, the plaintiff's Motion for Discovery. The plaintiff, Stanley Curtis Smith, a State prisoner who was a pretrial detainee at the Douglas County Correctional Center ("DCCC") when the events described in the complaint occurred, alleges deliberate indifference to his medical needs while in DCCC custody, in violation of the Eighth Amendment to the United States Constitution.

### The Plaintiff's Claim

In his Second Amended Complaint (filing no. 42), the plaintiff alleges that he has a diagnosis of paranoid schizophrenia, but medical personnel at DCCC denied him the prescribed medication for his psychiatric condition.  As I have previously stated (filing no. 45), the plaintiff claims more than a mere difference of opinion regarding treatment. Instead, he claims that DCCC health care personnel refused to treat him at all for his diagnosed psychosis, and that he suffered terribly as a result.   Before his confinement at DCCC, and later, upon his transfer to State custody, the plaintiff received treatment.

1

However, the plaintiff contends that during his time at DCCC, the health care staff belittled his condition, refused to contact his psychiatrist for records or information, told the plaintiff that he just wanted medications to cope with incarceration, and otherwise ignored and failed to treat the plaintiff's serious medical needs.

### Wexford

In filing no. 65, Wexford states that its contract with Douglas County to provide medical care to inmates at DCCC ended on February 28, 2003, after which the County hired another medical contractor. The plaintiff's incarceration at DCCC during June of 2003 and October through December of 2003, occurred during the provision of services by the new medical provider. In filing no. 69, the plaintiff acknowledges the accuracy of Wexford' allegations and identifies the correct defendant as Correctional Medical Services ("CMS") of 12647 Olive Blvd., St. Louis, MO 63141. The plaintiff wishes to substitute CMS for Wexford and to add a nurse, Darelle Powell, and a physician, Dr. Gensler, as defendants in their individual capacity, as those defendants, employees of CMS, allegedly exhibited deliberate indifference to the plaintiff's serious medical needs. Filing no. 65 will be granted, and Wexford will be dismissed from this litigation with prejudice.

### Third Amended Complaint

As for the new defendants, the plaintiff will be granted leave to file a Third Amended Complaint. In that complaint, the plaintiff may add CMS and Nurse Powell as defendants. Dr. Gensler has already been served and has answered the complaint. In addition, Patricia Ryan (DCCC Contract Administrator) and Rhonda Moore (DCCC Health Services Administrator), are presently defendants in this action. The plaintiff will have to include their names in the caption of the Third Amended Complaint if he wishes to retain those persons

as defendants in this litigation.

However, in his Third Amended Complaint, the plaintiff **must** state whether or not he filed grievances at DCCC regarding the claims he asserts in this litigation, and if not, why not. As a prisoner, the plaintiff is subject to the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a) of the PLRA requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff at the DCCC, and the plaintiff did not complete the available grievance procedures before filing his lawsuit, the plaintiff's claims may be subject to dismissal without prejudice. Inmate interview requests ("kites") are not considered grievances.

On the other hand, the purposes for exhaustion cannot be served if grievance procedures are in reality unavailable to a prospective plaintiff. See, e.g., Lyon v. Vande Krol, 305 F.3d 806, 808-09 (8th Cir. 2002): "For instance, in Foulk v. Charrier, 262 F.3d 687, 697-98 (8th Cir. 2001), we concluded that the district court lacked a sufficient factual basis to find that an inmate had failed to exhaust his administrative remedies when prison officials had refused to respond to his informal resolution request that he completed to satisfy the requirements of the first part of the prison's three-part grievance process. In Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001), we similarly held that an inmate was prevented from exhausting his administrative remedies when prison officials failed to respond to his requests for grievance forms, and that the inmate's failure to exhaust those

remedies was not a bar to suit because they were not 'available' to him."

## Additional Summons Forms

Filing no. 69 is granted as follows. Upon the filing of the Third Amended Complaint, the plaintiff shall again request summons forms and Form-285s for service of process on the newly named defendants. Upon that request, the Clerk of Court shall send the forms to the plaintiff to be completed and returned to the Clerk within 30 days thereafter. The U.S. Marshal will serve the defendants without cost to the plaintiff and may do so by certified mail in the Marshal's discretion.

## Officer Craft

In filing no. 59, Officer Craft contends that the plaintiff has failed to state a claim on which relief may be granted for violation of the Eighth Amendment as to him. For the same reason I dismissed the other corrections officers, defendants-Lee, Shelby, and Ramirez (filing no. 45), I must grant filing no. 59. As corrections officers rather than health care providers, the guards at DCCC had no power to provide medical care and could do no more than convey information to the medical department. In his Second Amended Complaint at 4, the plaintiff acknowledged his awareness of those limitations. Therefore, filing no. 59 will be granted, and defendant-Craft will be dismissed from this litigation.

## Discovery

In filing no. 72, the plaintiff seeks production of documents, i.e., his medical records and intake and discharge records at DCCC. Those appear to be discoverable documents. When a party is a prisoner, the court exempts the parties from the "meet and confer" obligation under Fed. R. Civ. P. 26. Therefore, once a defendant enters an appearance in a case, the plaintiff may proceed to serve written discovery requests directly on such

defendant, or, as in this case, upon the attorney of any represented defendant, in accordance with Fed. R. Civ. P. 31, 33, 34, and 36. Filing no. 72 is granted, in that the plaintiff may serve his discovery requests directly on the attorney for a defendant, and he need not request permission from the court. If a defendant fails to comply with discovery requests, the plaintiff may file a Motion to Compel Discovery with the court.

THEREFORE, IT IS ORDERED:

1. That filing no. 59, the Motion to Dismiss by Corrections Officer Craft, is granted, and Officer Craft is dismissed from this litigation;

2. That filing no. 65, the Motion to Dismiss filed by Wexford Health Sources, Inc., is granted, and Wexford Health Sources, Inc. is dismissed from this litigation;

3. That the Clerk of Court shall send the plaintiff a complaint form, and the plaintiff shall have until December 15, 2005 to file a Third Amended Complaint;

4. That the plaintiff shall list all defendants in the caption of the Third Amended Complaint, and he **must** state whether or not he filed grievances at DCCC regarding the claims he asserts in this litigation, and if not, why not;

5. That filing no. 69, the plaintiff's Motion for more forms for service of process, is granted as follows: Upon the filing of the Third Amended Complaint, the plaintiff shall again request summons and 285 forms for service on the newly added defendants, and, upon that request, the Clerk of Court shall send the forms to the plaintiff to be completed and returned to the Clerk of Court within 30 days thereafter; the U.S. Marshal shall serve the defendants without cost to the plaintiff and may do so by certified mail in the Marshal's discretion;

6. That filing no. 72, the plaintiff's Motion for Discovery, is granted in that the

plaintiff may serve a Request for Production of Documents pursuant to Fed. R. Civ. P. 34 directly upon the attorney for Douglas County.[1]

November 15, 2005.                    BY THE COURT:

/s *Richard G. Kopf*
United States District Judge

---

[1] See the Order on Initial Review (filing no. 12) in which the court, liberally construing the complaint, substituted Douglas County, Nebraska, for the Douglas County Correctional Center ("DCCC"), because the DCCC is merely a unit within the County and may not sue and be sued in its own name.